# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAMACA BELL, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Federal Court Case No. 20 cv 3181<br>) |
| v. | ) Circuit Court Case No. 2020-CH-03727<br>) |
| SDH SERVICES WEST, LLC, a Delaware limited liability company, and SODEXO AMERICA, LLC, a Delaware limited liability company, | ) NOTICE OF REMOVAL<br>) (28 U.S.C. § 1446)<br>)<br>)<br>) |
| Defendants. | ) |

### DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Defendants SDH Services West, LLC and Sodexo America, LLC ("Defendants"), by and through their attorneys, hereby remove this cause of action from the Circuit Court of Cook County, Illinois, County Department – Chancery Division, to this United States District Court for the Northern District of Illinois, Eastern Division. Removal of this action is proper under 28 U.S.C. §§1332(a) and (d), 1441(a) and (b), 1446(a), (b) and (c), and 1453 for the reasons set forth below. Defendants respectfully state that the grounds for removal to this Court are as follows.

### RELEVANT PROCEDURAL HISTORY

1. On April 27, 2020, Plaintiff Tamaca Bell ("Plaintiff"), filed a Class Action Complaint against Defendants captioned *Tamaca Bell v. SDH Services West, LLC and Sodexo America, LLC*, Case No. 2020-CH-03727, in the Circuit Court of Cook County, Illinois, County

Department – Chancery Division. (Exhibit A, Plaintiff's Class Action Complaint (the "Complaint" or "Comp.")[1]

2. Plaintiff is a former employee of Defendant SDH Services West, LLC. In the Complaint, Plaintiff asserts claims on behalf of herself and putative class members under the Illinois Biometric Information Protection Act, 740 ILCS 14/1, *et seq.* ("BIPA").

3. Defendants' registered agent was served with the Summons and Complaint on April 29, 2020. Defendants responsive pleading was due on May 29, 2020. After the removal of this action, the responsive pleading will be due on June 5, 2020, unless extended by agreement or Court order.

## BASIS FOR REMOVAL AND JURISDICTION

4. The basis for removing this action under 28 U.S.C. §§1441, 1446 and 1453 to this Court from the Circuit Court is traditional diversity jurisdiction under 28 U.S.C. §1332(a), or, alternatively, class action diversity jurisdiction under 28 U.S.C. §1332(d) (codifying what is also known as the Class Action Fairness Act).

5. Under §1332(a)(1), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different states . . . ." Both requirements for traditional diversity jurisdiction are met in this case: (a) the amount in controversy exceeds $75,000 and (b) Plaintiff and Defendants are citizens of different states.

6. Under §1332(d)(2)(A), this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a

---

[1] The additional pleadings in the Circuit Court case are also attached as Exhibit B.

State different from any defendant." Both requirements for class action diversity jurisdiction are met in this case: (a) the amount in controversy exceeds $5,000,000 and (b) Plaintiff and Defendants are citizens of different states.

## The Amount In Controversy Is Sufficient

7. The amount in controversy as pleaded by Plaintiff in the Complaint exceeds both the $75,000 required for traditional diversity jurisdiction and the $5,000,000 required for class action diversity jurisdiction. In determining the amount in controversy, claims are aggregated; jurisdiction is not based upon damages available in discrete counts. *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998). The amount in controversy is the amount required to satisfy Plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (internal citation omitted). In any class action, the claims of the individual class members shall be aggregated to determine the amount in controversy. 29 U.S.C. §1332(d)(6). Additionally, "[a defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511 (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.*

8. In her Complaint, Plaintiff alleges that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* According to Plaintiff, Defendants violated BIPA in six different ways by allegedly: (a) not informing Plaintiff and the putative class in writing in advance that their biometrics were being collected and stored under 740 ILCS 14/15(b)(1); (b) not informing Plaintiff and the putative class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used under 740 ILCS

3

14/15(b)(2); (c) not informing Plaintiff and the putative class in writing of the specific length of term their biometrics were being captured, collected, stored, and used under 740 ILCS 14/15(b)(2); (d) not obtaining a written release authorizing the collection of Plaintiff and the putative class' biometrics under 740 ILCS 14/15(b)(3); (e) not having a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics under 740 ILCS 14/15(a); and (f) not obtaining informed consent to disclose or disseminate Plaintiff and the putative class' biometrics under 740 ILCS 14/15(d)(1). (Comp. ¶ 42(a)-(f))

9. BIPA provides that "[a] prevailing party may recover for each violation:" liquidated damages of $1,000 or actual damages, whichever is greater, for a negligent violation; liquidated damages of $5,000 or actual damages, whichever is greater, for a reckless violation; reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and other relief, including an injunction, as the Court may deem appropriate. 740 ILCS 14/20.

10. Plaintiff, on behalf of herself and each putative class member, seeks statutory damages of $5,000 for "each" willful and/or reckless violation of BIPA, $1,000 for "each" negligent violation of BIPA, litigation expenses, attorneys' fees, costs, and other litigation expenses, and pre- and post-judgment interest. (Comp. ¶ 45 & Prayer for Relief)

11. Plaintiff also appears to claim that "each instance" Plaintiff and putative Class members allegedly used the biometric devices to clock in or out (*i.e.,* twice per workday) without their consent constitutes a separate violation of BIPA. (Comp. ¶ 41) Plaintiff was employed by Defendant SDH Services West, LLC between June 7, 2010 and March 17, 2017 (Exhibit C, Affidavit of Kimberly Shackleford, ¶ _) and appears to allege that she was required to use the biometric devices the entire time she was employed (Comp. ¶ 18). Therefore, for example, if

4

Plaintiff is correct that each instance when she used the biometric device to clock in or out constituted a separate violation of BIPA (*i.e.,* twice per workday), and if Plaintiff proves only one of her six claimed reckless violations of BIPA, Plaintiff's damages would exceed $75,000 after only 8 workdays ($5,000 per reckless violation X 8 workdays X 2 instances per day = $80,000), not including attorneys' fees, litigation expenses, expert fees, etc. A claim for attorneys' fees counts toward the jurisdictional amount. *Oshana*, 472 F.3d at 512. Plaintiff's claims for damages appear to be much higher, as Plaintiff claims that Defendants violated BIPA in six other ways. Therefore, even if class certification is denied, Plaintiff's own claims for damages easily exceed $75,000 as pleaded by Plaintiff in her Complaint.

12. Further, according to Plaintiff, the putative class is comprised of "scores, if not hundreds" of individuals. (Comp. ¶ 30) Based on Defendants' initial investigation, the potential class size could exceed 900. Therefore, for example, if there are approximately 900 class members,[2] if Plaintiff is correct that damages may be recovered for "each" of the six alleged violations of BIPA, and Plaintiff ultimately proves only two reckless violations, damages could be $9,000,000 (900 class members X 2 violations X $5,000 per reckless violation = $9,000,000), not including attorneys' fees, litigation expenses, expert fees, etc.[3] For these reasons, Defendants in good faith estimate that Plaintiff's claims for relief as pleaded in the Complaint exceed not only $75,000 but also $5 million for class action diversity jurisdiction.

---

[2] 999 class members is a reasonable figure in this analysis in light of Plaintiff's allegation that the class contains "hundreds" of putative members and Defendants' own initial review of the potential class size.

[3] This potential amount in controversy is calculated, regardless of the merits of the claims, according to the applicable formula for determining such—the amount required to satisfy Plaintiff's demands in full on the day the suit was removed. *Oshana*, 472 F.3d at 510-511.

**The Parties Are Citizens Of Different States**

13. Plaintiff alleges that she is a citizen of the State of Illinois in her Complaint. (Comp. ¶ 10) As explained below, Defendants are not citizens of the State of Illinois.

14. Under 28 U.S.C. §1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the State where it has its principal place of business." "The phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz. Corp. v. Friend*, 130 S. Ct. 1181, 1186, 1192-94 (2010) (*citing Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862, 865 (S.D.N.Y. 1959)). "[I]n practice [a corporation's principal place of business] should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *Id.* at 1192.

15. Both Defendants are limited liability companies. The citizenship of "an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta, 150 F.3d 729*, 729 (7th Cir. 1998). The United States Court of Appeals for the Seventh Circuit has held that establishing a LLC's citizenship requires the party invoking the Court's jurisdiction to "identify the citizenship of each of [the LLC's] members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007).

16. Plaintiff alleges in her Complaint that Defendant SDH Services West, LLC and Defendant Sodexo America, LLC are both limited liabilities companies organized under the laws of the State of Delaware. (Comp. ¶¶ 11-12) That is correct.

17. Defendant SDH Services West, LLC is a Delaware LLC. (Aff. ¶ 4) The sole member of SDH Services West, LLC is Defendant Sodexo America, LLC, which is a Delaware LLC. (Aff ¶ 4) The sole member of Defendant Sodexo America, LLC is Sodexo Management, Inc., which is a New York corporation. (Aff ¶ 4) Sodexo Management, Inc. is owned 100% by Sodexo Operations, LLC, which is a Delaware LLC. (Aff. ¶ 4) The sole member of Sodexo Operations, LLC is Sodexo, Inc., which is a Delaware corporation. (Aff. ¶ 4) Sodexo, Inc. is the parent entity in the United States. (Aff. ¶ 4)

18. The principal place of business of all of these entities, including their corporate headquarters, is Gaithersburg, Maryland.[4] (Aff ¶ 5) The corporate headquarters is the main office of the Finance Department, Treasury Department, Human Resources Department, and Law Department, among many other core operations. (Aff ¶ 5) The corporate headquarters are also the offices of the Chief Financial Officer, Corporate Secretary, Senior Director of Treasury, Vice President of Treasury, Senior Vice President of Human Resources, the General Counsel, and nearly all or most of their direct reports. (Aff ¶ 5) The policy decisions for these Departments and operations emanate from the corporate headquarters. (Aff ¶ 5) For these reasons, Defendants are not citizens of the State of Illinois.

19. Therefore, Plaintiff and Defendants are citizens of different States and complete diversity of jurisdiction exists for purposes of §1332(a) and diversity of jurisdiction also exists for purposes of §1332(d)(2)(A).[5]

---

[4] Sodexo, Inc. is a wholly owned subsidiary of Sodexo, S.A. a societe anonyme organized under the laws of the Republic of France which is listed on the Euronext Paris First Market. (Aff. ¶ 7)

[5] Sections 1332(d)(3), which allows remand of certain class actions, and 1332(d)(4), which requires remand of certain class actions, do not apply because Defendants are not citizens of the State of Illinois, where Plaintiff's Complaint was filed. *See* 29 U.S.C. 1332(d)(3) & (4)(A)(ii)(cc).

20. For all these reasons, this Court has diversity jurisdiction over this case under 28 U.S.C. §1332(a) and/or (d) and removal of this case from the Circuit Court to this Court is therefore proper under 28 U.S.C. §§ 1441, 1446 and 1453.

## All Other Requirements For Removal Are Satisfied

21. This Notice of Removal is timely under 28 U.S.C. § 1446(a) and (b) because it is filed within thirty (30) days after receipt by Defendants of the Complaint and Summons, which Defendants received on April 29, 2020.

22. Defendants have also filed this Notice of Removal in the proper Division of this Court under 28 U.S.C. § 93(a)(1) and 28 U.S.C. § 1441(a), as Cook County, Illinois is within the venue of the U.S. District Court for the Northern District of Illinois, Eastern Division.

23. Defendants' counsel will serve a written Notice of Filing of the Notice of Removal on Plaintiff's counsel and a written Notice of Removal to the Circuit Court, as required by 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal.

24. Both Defendants have consented to the removal of this case.

## RESERVATION OF RIGHTS/DENIAL OF LIABILITY

25. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved. Further, by filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to it.

WHEREFORE, Defendants SDH Services West, LLC and Sodexo America, LLC respectfully request that the above-captioned action now pending in Circuit Court of Cook County, Illinois be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: May 29, 2020

Respectfully submitted,

DEFENDANTS SDH SERVICES WEST, LLC and SODEXO AMERICA, LLC,

By: ___/s/David A. Moore___
      One of their Attorneys

Clifford R. Perry III
David A. Moore
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
cperry@lanermuchin.com
dmoore@lanermuchin.com
ID No. 90243

## CERTIFICATE OF SERVICE

I, David A. Moore, an attorney, hereby certify that on May 29, 2020, I caused a copy of the foregoing **Notice of Removal**, in the above-captioned matter to be filed with the Clerk of Circuit Court of Cook County and served on the parties of record, including those listed below, by operation of the Court's electronic filing system, and via email addressed to:

>Timothy P. Kingsbury
>Andrew T. Heldut
>Brendan Duffner
>McGuire Law, P.C.
>55 W. Wacker Drive, 9th Fl.
>Chicago, IL 60601
>tkingsbury@mcgpc.com
>aheldut@mcgpc.com
>bduffner@mcgpc.com

>/s/David A. Moore
>David A. Moore