IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMACA BELL, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:20-cv-03181 |
| v. ) ) | District Court Judge Sarah L. Ellis |
| SDH SERVICES WEST, LLC, a Delaware limited liability company, and SODEXO AMERICA, LLC, a Delaware limited liability company, ) ) ) ) ) ) | |
| Defendants. ) | |

## **DEFENDANTS' MOTION TO STAY**

Defendants SDH Services West, LLC and Sodexo America, LLC ("Defendants"), by and through their attorneys, hereby respectfully move that this Honorable Court stay proceedings in the instant matter, including a stay of Defendants' responsive pleading filing deadline, until such time as the Illinois Appellate Court issues rulings on the interlocutory appeals that are pending in the matters of *McDonald v. Symphony Bronzeville Park, LLC*, Circuit Court Case No. 17 CH 11311 and Appellate Court Case No. 1-19-2398 ("*McDonald*") and *Tims v. Black Horse Carriers*, Circuit Court Case No. 19 CH 3522 and Appellate Court Case No. 1-20-0563 ("*Tims*"). A ruling in either of these cases (described more fully below) in favor of the defendants/appellants will be dispositive of the instant case. In further support of this Motion, Defendants state as follows:

1. In her Class Action Complaint ("Complaint" or "Comp."), Plaintiff alleges that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. Defendants' responsive pleading is due on July 28, 2020.

1

2. Plaintiff was employed at Defendant SDH Services West, LLC between June 7, 2010 and March 17, 2017. (Exhibit A, Affidavit) Plaintiff alleges that during that time, "Defendants implemented biometric scanning and time-tracking devices and technology to monitor and manage their workers', including Plaintiff's, time on the job," and "Plaintiff was required to provide biometric scans to Defendants each time Plaintiff needed to clock in and clock out of a shift at work." (Docket #1-1, Comp. ¶¶18-19) In doing so, Plaintiff claims Defendants violated BIPA by allegedly not obtaining her written informed consent before collecting her biometric information or identifiers, not adopting a publicly available policy and data destruction or retention schedule, and disclosing her biometric information or identifiers to third-parties. (Docket #1:1, Comp. ¶¶ 20-27, 32, and 42-43)

3. Defendants intend to file a Motion to Dismiss Plaintiffs' Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). One of the threshold arguments Defendants will make in their Motion to Dismiss is that Plaintiff and the Putative Class Members allege workplace injuries that are preempted by the Illinois Workers' Compensation Act, 820 ILCS 305/1, *et seq*. ("IWCA"), and that Plaintiff's Complaint should therefore be dismissed with prejudice. Another threshold argument Defendants will make in their Motion to Dismiss is that Plaintiff's claim accrued, at the very latest, at the time of her separation from employment on March 17, 2017, and the appropriate statute of limitations in this case is one year under 735 ILCS 5/13-201. Plaintiff's Complaint was filed on April 6, 2020, and it was therefore not timely filed.

4. The IWCA preemption issue was recently addressed in a Circuit Court of Cook County decision in *McDonald*, 17 CH 11311. In *McDonald*, the defendant filed a Motion to Dismiss a BIPA claim arguing, in part, that BIPA is preempted by the IWCA. The Court denied

that Motion to Dismiss. On October 29, 2019, the Circuit Court in *McDonald* granted the defendant's motion for entry of the following certified question as part of a petition for an interlocutory appeal under Illinois Supreme Court Rule 308: "Does the exclusivity provisions [sic] of the Workers' Compensation Act bar a claim for statutory damages under BIPA where an employer is alleged to have violated an employee's statutory privacy rights under BIPA?" (Exhibit B, Circuit Court's October 29, 2019 Order in *McDonald*) On December 19, 2019, the Illinois Appellate Court granted the *McDonald* defendant's application to file an interlocutory appeal on this certified question. (Exhibit C, Illinois Appellate Court's December 19, 2019 Order in *McDonald*) That interlocutory appeal is currently pending before the Illinois Appellate Court.

5. The statute of limitations issue was recently addressed in another Circuit Court decision in *Tims*, 19 CH 3522. In *Tims*, the defendant filed a Motion to Dismiss a BIPA claim arguing that the plaintiff's complaint was untimely filed because it was filed more than one year after she was initially employed. The defendant argued that the one-year statute of limitations contained in 735 ILCS 5/13-201 applies to BIPA claims because that section applies to privacy torts involving publication. The Court denied that Motion to Dismiss. On February 26, 2020, the Circuit Court in *Tims* granted the defendant's motion for entry of the following certified question in its petition for an interlocutory appeal under Illinois Supreme Court Rule 308: "Whether the limitations periods set forth in 735 ILCS 5/13-201 ('Defamation-Privacy') [which is one year] or 735 ILCS 5/13-205 [which is five years] apply to claims brought under the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*."[1] On April 23, 2020, the Illinois Appellate Court granted the *Tims* defendant's application to file an interlocutory appeal on the

---

[1] Although Defendants are not in possession of the Circuit Court's Order granting the defendant's motion for a Rule 308 interlocutory appeal in *Tims*, Defendants are in possession of the defendant's Application for Appeal Based on Certified Question Under Ill. S.Ct. R. 308 (the "Application"), which, at page 7, sets forth the Certified Question. (Exhibit D, page 7)

3

this certified question. (Exhibit E, Illinois Court's April 23, 2020 Order) That interlocutory appeal is currently pending before the Illinois Appellate Court.

6. A District Court has inherent power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936); *see also Munson v. Butler*, 776 Fed. Appx. 339, 342 (7th Cir. 2019) ("It is true that a district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). Staying proceedings may be appropriate where a litigant in another case may settle the rule of law that applies in the stayed lawsuit. *Landis*, 299 U.S. at 255. This includes staying a federal court lawsuit pending a resolution of a state court lawsuit. *Freed v. Friedman*, 215 F. Supp. 3d 642, 658-659 (N.D. Ill. 2016).

7. Indeed, the importance of litigating disputes in an economic and "inexpensive" manner is underscored in Rule 1 of the Federal Rules of Civil Procedure. Rule 1 provides, in part, that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

8. The issue on which the Illinois Appellate Court will rule as part of the pending interlocutory appeal in *McDonald* is identical to the IWCA preemption argument Defendants intend to raise in their Motion to Dismiss. Specifically, the appeal in *McDonald* and Defendants' preemption argument both involve the issue of whether BIPA claims are preempted by the IWCA where an employer is alleged to have violated an employee's statutory privacy rights under BIPA through a work-related practice. Therefore, the resolution of the interlocutory

appeal pending before the Illinois Appellate Court in *McDonald* will be dispositive of Defendants' IWCA preemption defense, and would obviate the need for further litigation in this case in the event that the Appellate Court rules in favor of the *McDonald* defendant/appellant. A stay is therefore appropriate.

9. The issue on which the Illinois Appellate Court will rule in the interlocutory appeal in *Tims* is identical to the statute of limitations argument that Defendants intend to raise in their Motion to Dismiss. Specifically, the appeal in *Tims* and Defendants' statute of limitations argument both involve the question whether the one-year statute of limitations contained in 735 ILCS 5/13-201 applies to BIPA claims. Therefore, the resolution of the interlocutory appeal pending before the Illinois Appellate Court in *Tims* will be dispositive of Defendants' statute of limitations defense, and would obviate the need for further litigation in this matter in the event that the Appellate Court rules in favor of the *McDonald* defendant/appellant. A stay is therefore appropriate for this additional reason.

10. If a stay is not granted here, Defendants will need to prepare their Motion to Dismiss and the Parties will fully brief that Motion. More importantly, the Court will need to expend its valuable time and resources on analyzing and ruling on Defendants' Motion to Dismiss, even though the Illinois Appellate Court's upcoming rulings in *McDonald* and *Tims* may result in the complete dismissal of the instant matter based on preemption and/or statute of limitations grounds. Defendants submit that judicial economy would be better served if the Court stays this matter until the IWPCA preemption and statute of limitations issues are fully resolved on appeal.

11. Further, if the Court does not stay this matter and denies the portion of Defendants' anticipated Motion to Dismiss pertaining to the IWCA preemption issue or the

statute of limitations issue, the Parties may need to engage in intensive litigation, including intensive factual discovery, while the *McDonald* and *Tims* interlocutory appeals are still pending. If the Court denies Defendants' Motion, and litigation is pursued that consumes an extensive amount of time (and expense) of the Parties and of the Court (as class action litigation commonly does), and either of the defendants/appellants prevail in *McDonald* or *Tims*, the additional time and costs incurred by the Court and the Parties will have been wasted. That result would be antithetical to the judicial goal of conducting litigation in the most efficient and "inexpensive" manner.

12. The Honorable District Court Judge Jorge L. Alonso recently stayed the proceedings in *Treadwell v. Power Solutions International, Inc.*, Case No. 18 C 8212 (N.D. Ill. April 1, 2020) (Docket #120) based on the *McDonald* appeal. Judge Alonso stated: "Here, the Court finds it appropriate to stay these proceedings. As PSI points out, the issue presented to the Illinois Appellate Court is identical to the issue this Court analyzed on PSI's motion to dismiss: whether the exclusive remedy provision of the Illinois Workers' Compensation Act bars an employee from bringing a BIPA claim for statutory damages against his or her employer." *Id.* at 1. Judge Alonso rejected the plaintiff's argument that the stay would cause an "indefinite delay" and "continuing injury" to the plaintiff and putative class members, reasoning that "Treadwell's concerns do not justify denying PSI's request for a stay, especially when weighed against the time and expense the parties will expend in litigating his claims—effort that could prove unnecessary in light of the *McDonald* ruling." *Id.* at 2.

13. Defendants are also aware that judges in the Circuit Court of Cook County have routinely stayed BIPA proceedings based on the *McDonald* appeal. A sampling is listed below:

a. *Ayala v. American Louver Co. & Plasticare*, Case No. 2019 CH 04163 (Cook Cty. Cir. Ct. Dec. 29, 2019) ("Defendant's motion to stay is granted") (Loftus, J.);

b. *Chavez v. Temperature Equipment Corp.*, Case No. 2019 CH 2538 (Cook Cty. Cir. Ct. Jan. 6, 2020) ("other dates and deadlines are stayed") (Jacobius, J.);

c. *Sanchez v. Elite Labor Services, Ltd., et al.*, Case No. 2018 CH 02651 (Cook Cty. Cir. Ct. Jan. 14, 2020) ("Defendant Elite Labor Services, Ltd.'s motion to stay . . . is granted") (Cohen J.);

d. *Woodard v. Dylan's Candybar, LLC*, Case No. 2019 CH 05158 (Cook Cty. Cir. Ct. Jan. 15, 2020) ("Defendant's motion to stay all proceedings is GRANTED") (Demacopoulos, J.);

e. *Johnson v. Gold Standard Baking*, Case No. 2018 CH 9011 (Cook Cty. Cir. Ct. Feb. 3, 2020) ("This matter is stayed pending further order of this Court") (Valderrama, J.);

f. *Grabowska v. Millard Group*, Case No. 2017 CH 13730 (Cook Cty. Cir. Ct. Jan. 29, 2020) ("This matter is stayed pending the . . . decision in *McDonald v. Symphony Bronzeville*") (Conlon, J.);

g. *Harris v. Broder Bros. Co.*, 2019 CH 3173 (Cook Cty. Cir. Ct. Jan. 27, 2020) (Defendant's Motion to Stay is granted and "this matter is stayed until further order of court") (Atkins, J.);

h. *Bradford v. Farmington Foods*, 2019 CH 12888 (Cook Cty. Cir. Ct. Jan. 23, 2020) ("Defendant's Motion to Stay is granted") (Mullen, J.);

i. *Kardos v. Abt Electronics, Inc.*, 2019 CH 1235 (Cook Cty. Cir. Ct. Jan. 22, 2020) ("Defendant's Motion to Stay is granted") (Reilly, J.);

j. *Webster v. South Holland Home*, LLC, 2019 CH 12365 (Cook Cty. Cir. Ct. Jan. 28, 2020) ("Defendants' Motion is granted. The case is stayed in its entirety until the appeal is decided . . . in *McDonald*") (Moreland, J.).

14. Additionally, at least one judge in the Circuit Court of Cook County has also stayed a BIPA proceeding partly based on both the *McDonald* and the *Tims* appeals. *Truss v. Four Seasons Heating & Air Conditioning, Inc.*, 2019 CH 09633 (Cook Cty. Cir. Ct. June 11, 2020) (based "on the parties' agreed request to stay this matter pending the resolution of the

7

appeals in *McDonald* . . . and *Tims* . . . this matter is stayed until further order of the Court") (Loftus, J.).

15. For all these reasons, Defendants submit that a stay of proceedings in this matter pending the outcome of the interlocutory appeals in *McDonald* and *Tims* is necessary to promote judicial economy and the orderly administration of justice.

16. Therefore, the Court should stay these proceedings, including the July 28, 2020 date for Defendants to file their responsive pleading to Plaintiff's Complaint, pending the outcome of appeals in *McDonald* and *Tims*.

17. Defendants' counsel contacted Plaintiff's Counsel before filing this Motion, and Plaintiff's Counsel confirmed that Plaintiff intends to object to the Motion.

WHEREFORE, Defendants SDH Services West, LLC and Sodexo America, LLC respectfully request this Honorable Court: grant this Motion and enter a stay of the proceedings in this matter (including staying Defendants' responsive pleading to Plaintiff's Complaint) pending the Illinois Appellate Court's decisions in *McDonald* and *Tims*; and strike all pending dates in this case and schedule a future date to report on the status of the *McDonald* and *Tims* appeals.

Dated: July 10, 2020      Respectfully submitted,

DEFENDANTS SDH SERVICES WEST, LLC and SODEXO AMERICA, LLC,

By:    /s/David A. Moore
         One of their Attorneys

Clifford R. Perry III
David A. Moore
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 / (312) 467-9479 (fax)
cperry@lanermuchin.com
dmoore@lanermuchin.com

9

**CERTIFICATE OF SERVICE**

  I, David A. Moore, an attorney, hereby certify that on July 10, 2020, I caused a copy of the foregoing **Motion to Stay**, in the above-captioned matter to be filed with the Court and served on the parties of record, including those listed below, by operation of the Court's electronic filing system, and via email addressed to:

    Timothy P. Kingsbury
    Andrew T. Heldut
    Brendan Duffner
    McGuire Law, P.C.
    55 W. Wacker Drive, 9th Fl.
    Chicago, IL 60601
    tkingsbury@mcgpc.com
    aheldut@mcgpc.com
    bduffner@mcgpc.com


        /s/David A. Moore
        David A. Moore