**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMACA BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 3181 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| SDH SERVICES WEST, LLC, a Delaware | ) | |
| limited liability company, and SODEXO | ) | |
| AMERICA, LLC, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendants' motion to stay [17]. The Court stays this case pending the Illinois Appellate Court's decisions in *McDonald v. Symphony Bronzeville Park, LLC*, App. No. 1-19-2398, and *Tims v. Black Horse Carriers*, App. No. 1-20-0563. The Court orders the parties to file a status report by 11/23/2020 to update the Court on the status of these decisions and sets a status date for 12/1/2020. See Statement.

## STATEMENT

Plaintiff Tamaca Bell filed this putative class action against Defendants SDH Services West, LLC ("SDH") and SDH's parent company, Sodexo America, LLC ("Sodexo"). Bell alleges that SDH used biometric scanning and time-tracking devices and technology to monitor its employees' time on the job, requiring employees to provide biometric scans each time they clocked in and out of work. Bell claims that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, through their collection, storage, and use of her biometric information. Defendants have filed a motion to stay proceedings pending the Illinois Appellate Court's rulings on interlocutory appeals in *McDonald v. Symphony Bronzeville Park, LLC*, App. No. 1-19-2398, and *Tims v. Black Horse Carriers*, App. No. 1-20-0563. Defendants argue that a ruling in favor of the defendants in either of these cases would be dispositive of Bell's claims. Bell opposes the motion.

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299

U.S. 248, 254–55 (1936). In determining whether to exercise its discretion to stay proceedings, the Court considers "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019).

Defendants represent that they plan to file a motion to dismiss Bell's complaint in its entirety but believe that a stay prior to doing so would streamline that motion and potentially dispose of the entire case. As part of their motion to dismiss, Defendants plan to argue that the Illinois Workers' Compensation Act (the "IWCA"), 820 Ill. Comp. Stat 305/1 *et seq.*, preempts Bell's claims and that the statute of limitations bars Bell's claims. The *McDonald* case concerns whether the IWCA's exclusivity provisions bar BIPA claims, while the *Tims* case addresses the limitations period for BIPA claims. The trial courts in both cases rejected Defendants' anticipated arguments. Defendants argue that because the Illinois Appellate Court is poised to decide these issues, the Court should exercise its discretion to stay this proceeding pending the decisions in *McDonald* and *Tims*. According to Defendants, a stay would conserve the parties' and judicial resources, saving expenditures on potentially costly motion practice and discovery. Bell opposes the motion, arguing that "[n]either *McDonald* nor *Tims* [is] likely to reverse the solid consensus among Illinois state and federal courts that the IWCA does not preempt BIPA claims and that BIPA claims are subject to a five-year, not one-year limitations period." Doc. 20 at 2; *id.* at 6, 8 (collecting cases). She also contends that a stay would unnecessarily delay the case and prejudice her and the putative class members' substantive rights under BIPA. Specifically, Bell claims that a stay would prejudice their rights "to know where, how, by whom, and for how long Defendants are using or storing their biometric data." *Id.* at 3. In their reply, Defendants represent that they never collected Bell's or putative class members' fingerprints and have now destroyed any of the disputed data, suggesting that there is no continuing harm to Bell or putative class members that would require injunctive relief. *Cf. Mutnick v. Clearview AI, Inc.*, No. 20 C 512, Doc. 61 at 3 (N.D. Ill. May 19, 2020) (denying stay of BIPA claims where the plaintiff sought injunctive relief on his BIPA claim).

Although a close question, the Court finds it appropriate to stay this case pending the *McDonald* and *Tims* appellate court decisions. Having previously considered the preemption issue, the Court finds it unlikely that the Illinois Appellate Court will conclude that the IWCA preempts BIPA claims. *See Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at *6 (N.D. Ill. Feb. 26, 2020) (collecting cases and agreeing that the IWCA does not preempt BIPA claims); *see also Cothron v. White Castle Sys., Inc.*, --- F. Supp. 3d ----, 2020 WL 3250706, at *5–6 (N.D. Ill. June 16, 2020) (rejecting IWCA preemption argument and noting that "courts have unanimously rejected it—and for good reason"). And Defendants' anticipated statute of limitations argument is not appropriate for a motion to dismiss in this case because Bell has not included any relevant dates in the complaint. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (the statute of limitations is an affirmative defense that the Court can consider on a motion to dismiss only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations"). Nonetheless, because the Illinois Appellate Court's decisions in *McDonald* and *Tims* could control the Court's resolution of the

preemption and timeliness issues and guide the parties' positions as they proceed with the litigation, *see Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."), a stay has the potential to conserve both the parties' and judicial resources and streamline the issues. If the Illinois Appellate Court rules in favor of Defendants on the preemption issue, that ruling would compel dismissal of Bell's claims. Even if the Illinois Appellate Court agrees with the current consensus that the IWCA does not preempt BIPA claims, such a ruling would narrow the issues Defendants would raise in their anticipated motion to dismiss. And although as discussed a statute of limitations argument is not appropriate for a motion to dismiss in this case, the ruling in *Tims* could streamline discovery and class certification proceedings. In light of these considerations, the Court finds that Bell's concerns of delay do not justify denying the request for a stay. *See Treadwell v. Power Sols. Int'l, Inc.*, No. 18 C 8212, Doc. 120 (N.D. Ill. Apr. 1, 2020) (granting motion to stay pending the *McDonald* appellate court decision). *But see Mintun v. Kenco Logistics Servs. LLC*, No. 19-2348, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020) (denying motion to stay pending *McDonald* because "it is unlikely that a state appellate court would rule that the IWCA preempts BIPA," meaning a stay would not streamline the issues or conserve the parties' resources). Therefore, the Court stays this case pending the Illinois Appellate Court decisions in *McDonald* and *Tims*.

Date: August 27, 2020                                         /s/ Sara L. Ellis